**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| KAREN LUNDREGAN | * |
| Plaintiff, | * |
| v. | Case No.: GJH-18-2132 |
| | * |
| UNITED STATES OF AMERICA, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Plaintiff Karen Lundregan brings this *pro se* action against Defendant United States of America[1] for failure to deliver her mail. ECF No. 1-1 at 2. Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on September 12, 2018. ECF No. 15. A Rule 12/56 letter was mailed to Plaintiff on September 14, 2018, notifying her of her right to respond and warning that a failure to respond could result in dismissal of the action. ECF No. 16. Eight months later, Plaintiff has still not responded to the Motion to Dismiss. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss, ECF No. 15, is granted.

**I.   DISCUSSION**

Plaintiff alleges that the United States Postal Service has failed to deliver her mail "due to malice, intentional delay," and "intentional wrongful actions," resulting in "severe emotional and

---

[1] Plaintiff originally named the United States Post Office located at 500 N. Washington Street in Rockville, Maryland, and two United States Postal Service employees, Postmaster Michael Benevento and Napoleon Thompson, as Defendants. The Court granted the United States of America's Motion to substitute the United States as the sole party defendant. ECF No. 9.

1

physical distress." ECF No. 1-1 at 2. Plaintiff seeks recovery of all of her goods held by the post office and damages in the amount of $5,000. *Id.*

A federal court must have subject-matter jurisdiction to decide a matter before it. *Lightfoot v. Cendant Mortg. Corp.*, 137 S.Ct. 553, 562 (2017). If it does not, then the court must dismiss the case. Fed. R. Civ. P. 12(b)(1). In a challenge to the factual basis for subject-matter jurisdiction such as this one, it is the plaintiff's burden to prove that subject-matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In a facial challenge to subject-matter jurisdiction, a court must determine if the complaint fails to allege facts upon which subject-matter jurisdiction can be based. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court is to "regard the pleadings' allegations as mere evidence on the issue," and applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond*, 945 F.2d at 768..

A *pro se* plaintiff is held to a "less stringent" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But these principles are not without limits, and courts cannot "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, Plaintiff's claim appears to most resemble one for the tort of replevin. *See* ECF No. 1-1 at 2 (marking box for "replevin" on the complaint); *id.* at 3-4 (show cause orders in action of replevin). Claims for torts against the United States are governed by the Federal Tort Claims Act, which "waives sovereign immunity and gives district courts jurisdiction to hear tort claims brought against the government." *Jackson v. United States*, 248 F. Supp. 3d 167, 170 (D.D.C. 2017). But to take advantage of the FTCA's waiver of sovereign immunity, plaintiffs must first

exhaust their administrative remedies. *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). Plaintiffs must exhaust their administrative remedies by filing an administrative tort claim within two years of the incident. *Id*. This claim consists of a Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury or loss of property. 28 C.F.R. § 14.2(a). Plaintiff has not alleged that she completed a Form 95 or delivered any other written notification to the government. ECF No. 1-1. Furthermore, the government has filed an affidavit swearing that a search of official public records revealed that, in fact, no such administrative tort claim has been "filed by or on behalf of Karen Lundregan." ECF No. 15-2 ¶ 4; *see also Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (On a motion to dismiss, a court "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed."). Because Plaintiff has not proven that she has exhausted her administrative remedies, the Court does not have jurisdiction to consider her claims and her complaint must be dismissed.

**II. CONCLUSION**

Defendant's Motion to Dismiss, ECF No. 15, is granted. A separate Order shall issue.

Date: <u>May   17, 2019</u>                                   /s/ _____
                                                              GEORGE J. HAZEL
                                                              United States District Judge